UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HORST KLEINBAUER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>TIMOTHY ALAN HILLS, individually and d/b/a )<br>Club Service Corp. International, )<br>)<br>    Defendant, )<br>)<br>and )<br>)<br>TOWN OF STOUGHTON, DAVID M. COHEN, )<br>and MANUEL CACHOPA, )<br>)<br>    Reach and Apply Defendants, )<br>)<br>and )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff by intervention. )<br>)<br>_____)  | Civil Action No. 10-10562<br>(Formerly Civil No. 2007-00646,<br>*Norfolk Superior Court*) |

## COMPLAINT IN INTERVENTION

The United States of America, having moved to intervene in Civil Action No. 2007-646 under Mass. R. Civ. P. 24(a) and 26 U.S.C. § 7424, pursuant to the provisions of 26 U.S.C. §§ 7401, 7403, and 7424, brings this Complaint in Intervention to enforce federal tax liens with respect to proceeds in the amount of $100,000.00 owing to Timothy A. Hill in settlement of the case styled *Hills v. Town of Stoughton,* et al., Civil Action No. 05-10488-RBC (D. Mass.) (the "lawsuit settlement proceeds"), which are currently held in an escrow account by

Colluci, Colucci, Marcus & Flavin, P.C. In support of this action, the United States alleges as follows:

*Jurisdiction*

1. Pursuant to 26 U.S.C. § 7401, this complaint has been authorized and sanctioned by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States of America.

2. Horst Kleinbauer is named as a defendant in accordance with 26 U.S.C. § 7403(b).

3. Peter Marinelli is named as a defendant in accordance with 26 U.S.C. § 7403(b).

4. Colluci, Colucci, Marcus & Flavin, P.C. (the "Colluci Law Firm") is named as a defendant in accordance with 26 U.S.C. § 7403(b).

5. Timothy A. Hills is named as a defendant in accordance with 26 U.S.C. § 7403(b).

*The Federal Tax Liens at Issue*

6. A delegate of the Secretary of the Treasury made assessments for income tax liabilities against Timothy A. Hills on the dates and for the tax periods below. The amounts due for those assessments are listed with accruals as of March 8, 2010; statutory additions and interest continue to accrue according to law.

| Tax Period Ending | Assessment Dates | Assessment Type | Assessment Amounts | Amount due as of March 8, 2010 |
|---|---|---|---|---|
| 12/31/2003 | 09/03/2007 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Interest<br>Failure to Pay Penalty | $4,922.00<br>$126.98<br>$1,107.45<br>$1,498.73<br>$1,009.01 | $10,146.41 |
| 12/31/2004 | 09/03/2007 | Tax<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Interest<br>Failure to Pay Penalty | $15,852.00<br>$454.23<br>$3,566.70<br>$3,695.28<br>$2,298.54 | $31,295.15 |
| 12/31/2005 | 04/18/2009<br>06/01/2009 | Estimated Tax Penalty<br>Tax<br>Late Filing Penalty<br>Interest<br>Failure to Pay Penalty | $136.00<br>$3,393.00<br>$763.42<br>$992.37<br>$644.67 | $6,266.90 |
| 12/31/2006 | 10/13/2008 | Tax<br>Interest | $3,486.00<br>$382.06 | $4,693.78 |
| 12/31/2007 | 05/26/2008<br><br>06/30/2008<br><br>09/21/2009 | Tax<br>Failure to Pay Penalty<br>Interest<br>Interest<br>Failure to Pay Penalty<br>Additional Tax | $6,943.00<br>$8.03<br>$5.41<br>$4.70<br>$4.01<br>$2,355.00 | $2,977.18 |
| 12/31/2008 | 06/22/2009 | Tax<br>Failure to Pay Penalty<br>Interest | $12,188.00<br>$31.74<br>$15.83 | $2,384.55 |
| **Total** | --- | --- | --- | $57,763.97 |

7. A delegate of the Secretary of the Treasury properly issued notices of the tax assessments described in Paragraph 6, above, to Timothy A. Hills and made demands for payment to Timothy A. Hills.

8. Despite the notices of the tax assessments and demands for payment, Timothy A. Hills has failed, neglected, or refused to fully pay the assessments listed in Paragraph 6, above, and there remains due and owing $57,763.97, plus statutory additions and interest according to law from March 8, 2010.

*The Lawsuit Settlement Proceeds in Dispute*

9. On December 9, 2004, Timothy A. Hills brought suit against the Town of Stoughton in Norfolk Superior Court (Civil Action No. 2004-2101), alleging that he sustained personal injuries due to actions by members of the Stoughton Police Department. That case was removed from the Superior Court to the United States District Court for the District of Massachusetts and was assigned Civil Action No. 05-10488. After the case was removed to the District Court, David M. Cohen and Manuel Cachopa were made defendants in the case. On September 24, 2009, a settlement that involved payment to Timothy A. Hills in the amount of $100,000.00 was reached in the case. A stipulation to dismissal by all parties to the case was filed on November 9, 2009.

10. The lawsuit settlement proceeds referred to in Paragraph 9, above, are presently held in an escrow account by the Colucci Law Firm. The Colucci Law Firm represented Timothy A. Hills in the personal injury lawsuit described in Paragraph 9, above.

*Attachment and Enforcement of the Federal Tax Liens*

11. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments of the taxes set forth in Paragraph 6, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Timothy A. Hills, including any interest in the cause

of action described in Paragraph 9, above, and those liens continue until the liens are either satisfied or become unenforceable.

12.     A Notice of Federal Tax Lien for the tax assessments made against Timothy A. Hills for the income tax years ending 2003, 2004, and 2007, was filed with the United States District Court for the District of Massachusetts on December 11, 2008, and a Notice of Federal Tax Lien for the tax assessments made against Timothy A. Hills for the income tax year ending 2006 was filed with the United States District Court for the District of Massachusetts on February 3, 2009.

13.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens with respect to the lawsuit settlement proceeds and to have those proceeds applied towards the satisfaction of the tax liabilities set forth in Paragraph 6, above.

***Other Claims to the Lawsuit Settlement Proceeds***

14.     The Colucci Law Firm has or may claim an interest in the lawsuit settlement proceeds. A contingent fee agreement dated November 9, 2005, recites that the Colucci Law Firm is entitled to "[o]ne-third (1/3) of the gross recovery" for any compensation that Timothy A. Hills receives for a claim related to "[p]ersonal injuries and harassment sustained as a result of the improper conduct of the Town of Stoughton and the Stoughton Police Department." A document titled "Notice of Attorney's Lien Pursuant to M.G.L. Chapter 221, Section 50" was filed by the Colluci Law Firm with the United States District Court for the District of Massachusetts on November 3, 2009.

15.     Horst Kleinbauer has or may claim an interest in the lawsuit settlement proceeds. Horst Kleinbauer received a money judgment against Timothy A. Hill on April 1, 2004. On

April 17, 2007, Horst Kleinbauer brought suit in the Norfolk Superior Court (Civil Action No. 2007-646, this case) to enforce that judgment against Timothy A. Hills, naming the Town of Stoughton, David Cohen, and Manuel Cochopa as reach-and-apply defendants.  On May 2, 2007, an order was issued enjoining the Town of Stoughton, David Cohen, and Manuel Cochopa from making any payment to Timothy A. Hills in connection with the lawsuit described in Paragraph 9, above.

16. Peter Marinelli has or may claim an interest in the lawsuit settlement proceeds. Peter Marinelli received a money judgment against Timothy A. Hill on January 16, 2003.  On August 27, 2009, Peter Marinelli brought a suit with the Norfolk Superior Court (Civil Action No. 2009-1506) to enforce that judgment against Timothy A. Hills, naming the Town of Stoughton, David Cohen, and Manuel Cochopa as reach-and-apply defendants.  An order in that case dated September 1, 2009, and titled "Interlocutory Order on Preliminary Injunction" enjoins the Town of Stoughton, David Cohen, and Manuel Cochopa from making payment to Timothy A. Hills in connection with the lawsuit described in Paragraph 9, above, until either $45,000.00 has been placed in escrow with counsel for Peter Marinelli or the judgment in favor of Peter Marinelli and against Timothy A. Hills is satisfied.

17. Timothy A. Hills has or may claim an interest in the lawsuit settlement proceeds.

WHEREFORE, the United States requests that this Court:

(a) Determine and adjudge that the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Timothy A. Hills, including the lawsuit settlement proceeds;

     (b)     Order that the United States may enforce its liens with respect to the lawsuit settlement proceeds from the lawsuit described in Paragraph 9, above, to satisfy the income tax liabilities of Timothy A. Hills, as set forth in Paragraph 6, above, in accordance with the lawful priorities of the parties; and

     (c)     Award the United States its costs and such further relief as the Court deems just and proper.

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

_____
AUSTIN L. FURMAN (BBO 669205)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 307-2007
Email: Austin.L.Furman@usdoj.gov

*Local Counsel*:

CARMEN M. ORTIZ
United States Attorney     Dated: April 2, 2010

## **CERTIFICATE OF SERVICE**

I certify that service of the foregoing Complaint In Intervention has this 2nd day of April 2010 been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Sarah F. Jubinville, Esquire
Colucci, Colucci, Marcus & Flavin, P.C.
424 Adams Street
Milton, Massachusetts 02186

John F. Gleavy, Esquire
Lynch & Lynch, P.C.
45 Bristol Drive
South Easton, Massachusetts 02375

Issac H. Peres, Esquire
689 Massachusetts Avenue
Cambridge, Massachusetts 02767

John C. DeSimone, Esquire
Mitchell & DeSimone
101 Arch Street
Boston, Massachusetts 02110

Jeremy L. Kay, Esquire
Jeremy L. Kay, P.C.
36 North Bedford Street, C-20
East Bridgewater, Massachusetts 02333

Charles D. Mulcahy, Esquire
Wynn & Wynn, P.C.
90 New State Highway
Raynham, Massachusetts 02767

Ilana M. Quirk, Esquire
Kopelman & Paige
101 Arch Street, Floor 12
Boston, Massachusetts 02110

Timothy A. Hills
22 Bennington Terrace
Lowell, Massachusetts 01850

David M. Cohen
115 Eagle Rock Road
Stoughton, MA 02072

Manuel Cachopa
100 Columbus Avenue
Stoughton, MA 02072

                                          /s/ *Austin L. Furman*
                                          AUSTIN L. FURMAN
                                          Trial Attorney, Tax Division
                                          United States Department of Justice